IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FILED
1/22/20 3:49 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

| | | |
|---|---|---|
| IN RE: | : | |
| CHRISTOPHER E. LAMB | : | Case No. 19-11031-TPA |
| *Debtor(s)* | : | Chapter 13 |
| | : | |
| CHRISTOPHER E. LAMB | : | |
| *Movant,* | : | |
| | : | |
| v. | : | Related to Document No. 30 |
| | : | |
| RONDA J. WINNECOUR, ESQUIRE | : | |
| CHAPTER 13 TRUSTEE | : | |
| *Respondent* | : | |

## ORDER EMPLOYING SPECIAL COUNSEL

*AND NOW,* this **22nd** day of ***January, 2020***, upon consideration of the ***Motion for Order of Employment of Special Counsel***, it is **ORDERED, ADJUDGED and DECREED** as follows:

(1)     ***Michael W. Harmon, Esq., Shapira, Hutzelman & Smith*** are hereby appointed, as of the date of filing the *Motion*, as ***Special Counsel*** for the Debtor pursuant to the terms payment of $500.00 as an initial retainer fee, along with $200.00 to cover the court filing fees and service fees, and, in the event that the custody matter is not resolved at the initial custody conciliation, an additional $2,000.00 retainer fee shall be paid, but held in escrow by special counsel pending final approval of compensation by this Court, with attorney fees to be based on an hourly rate of $180.00, calculated in 1/10 hour increments (not capped at $2,000.00), and reimbursement of costs as described in the Fee Agreement attached to the above referenced *Motion* for the limited purpose of acting as attorney in connection with the interest of the Debtor in prosecuting a child custody action as referenced to in the foregoing *Motion*, **PROVIDED HOWEVER**, no settlement of any claim is to occur without prior Court Order after notice and hearing.

(1)     Professional persons or entities performing services in the above case are advised that approval of fees for professional services will be based not only on the amount involved and the results accomplished, but other factors as well including: the time and labor reasonably required by counsel, the novelty and difficulty of the issues presented, the skill requisite to perform the legal service properly, the preclusion of other employment due to acceptance of this case, the customary fee, whether the fee is fixed or contingent, the time limitations imposed by the client or the circumstances, the experience, reputation and ability of the attorneys involved, the undesirability of the case, the nature and length of the professional relationship with the client, and, awards in similar cases.

(2)     Approval of any motion for appointment of counsel in which certain hourly rates/compensation terms are stated for various professionals is not an agreement by the Court to allow fees at the requested hourly rates or compensation terms, and is not a preapproval of compensation pursuant to *11 U.S.C. §328(a)*. Final compensation, awarded only after notice and hearing, may be more or less than the requested hourly rates/compensation terms based on application of the above-mentioned factors in granting approval by Court Order. ***Any retainer paid to the Special Counsel is unaffected by this Order and remains property of the Estate until further order of Court.***

(3)     Notwithstanding anything to the contrary in the letter of engagement or agreement between Movant and Special Counsel, this *Order* does not authorize Special Counsel to retain or pay any outside counsel or other professional to assist Special Counsel in this matter unless such is done at no expense to Movant, directly or indirectly. Any other retention of and payment to an outside counsel or other professional is subject to prior approval of the Court.

(4) *Movant shall serve the within Order on all interested parties and file a certificate of service.*

_____
Thomas P. Agresti, Judge          ljm
United States Bankruptcy Court

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                                Case No. 19-11031-TPA
Christopher E. Lamb                                                                   Chapter 13
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0315-1    User: bsil    Page 1 of 1    Date Rcvd: Jan 22, 2020
                    Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 24, 2020.
db             +Christopher E. Lamb,    460 West 7th Street,    Erie, PA 16502-1329

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                     TOTAL: 0

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                     TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 24, 2020                                                Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 22, 2020 at the address(es) listed below:
      Edwin W. Smith    on behalf of Creditor   Americo FCU esmith@shapiralaw.com
      James Warmbrodt    on behalf of Creditor   MidFirst Bank bkgroup@kmllawgroup.com
      Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
      Rebeka Seelinger    on behalf of Debtor Christopher E. Lamb rebeka@seelingerlaw.com
      Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                             TOTAL: 5